## WILLIAM B. KENT *et al. versus* THE MANUFACTURERS' INSURANCE COMPANY.

Two days before the expiration of a policy, fully insuring a vessel on time, the defendants made a policy insuring the same vessel, at and from Boston to Charleston, the second policy providing, that if the assured should have made prior insurance upon the vessel, then the defendants should be chargeable only for so much as the amount of such prior insurance should be deficient towards fully covering the property at risk, whether for the whole voyage, or from one port of loading or discharge to another. The vessel sailed from Boston before the expiration of the first policy, but was lost after it had expired. It was *held,* that the second policy attached, notwithstanding the first policy continued in full force till after the vessel had sailed from Boston, and that the defendants were consequently liable for the loss.

ASSUMPSIT upon a policy of insurance.

At the trial, before *Wilde* J., it appeared that on October 20th, 1831, the plaintiffs effected insurance for the sum of $ 2000 on the schooner Argo, valued at that sum, excluding the premium, for one year, at the office of the Commonwealth Insurance Company in Boston.

The policy of insurance which is the subject of this action, was dated October 18th, 1832. By this policy the defendants insured, for whom it might concern, the sum of $ 2100 on the same vessel, valued at that sum including premium, at and from Boston to Charleston, S. C., at and from thence to Nassau River, East Florida, and at and from thence to New York, beginning the adventure upon the schooner as aforesaid, and to continue during the voyage, on the vessel, until she should be arrived and moored at anchor twenty-four hours in safety. The premium was five per cent.

The second policy contained the following clauses : " And it is hereby agreed, that if the assured shall have made any other insurance upon the schooner aforesaid, prior in date to this policy, then the said insurance company shall be chargeable only for so much as the amount of such prior insurance may be deficient towards fully covering the propeity at risk, whether for the whole voyage, or from one port of loading or discharge to another ; and the said insurance company shall return the premium, or a ratable part thereof, upon so much of the sum by them insured, or for such part of the voyage, as they shall be exonerated from by such prior insurance, provided that no return premium shall be made for any passage whereon the risk has once commenced. And in case of any insurance upon the said schooner, whether it be for the whole or part of the voyage subsequent in date to this policy, the said insurance company shall nevertheless be answerable to the full extent of the sum by them herein insured, without right to claim contribution from such subsequent insurers, and shall accordingly be entitled to retain the premium by them received, in the same manner as if no subsequent insurance had been made."

The vessel sailed from Boston for Charleston, either upon the 18th or 19th of October, 1832, and was never afterwards heard of.

The judge instructed the jury, that the policy made by the defendants attached upon the subject of insurance, at the expiration of the prior policy ; that they were therefore to ascertain and determine whether the vessel was lost before or subsequently to the 20th of October, 1832, at noon ; and that as they should find this fact, they were to render a verdict for or against the defendants.

Under this instruction, the jury found a verdict for the plaintiffs, for the whole sum insured in the policy.

If the instruction was right, in point of law, judgment was to be rendered on the verdict for the plaintiffs ; but if the Court should be of opinion, that the policy declared on *never* attached, or attached to an amount which the first policy *did not cover*, then, in the former case, the verdict was to be set aside, and a verdict to be entered for the defendants, and, in

the latter case, the verdict was to be reduced so as to cover the amount for which the defendants should be chargeable after deducting the sum covered by the first policy.

*Sohier*, for the defendants, cited *Seamans* v. *Loring*, 1 Mason, 127 ; *Murray* v. *Insurance Co. of Penn.* 2 Wash. C. C. R. 186 ; *Brown* v. *Hartford Ins. Co.* 3 Day, 58 ; *Bousfield* v. *Barnes*, 4 Campb. 228.

*Fletcher*, for the plaintiffs, cited *Columbian Ins. Co.* v. *Lynch*, 11 Johns. R. 233 ; *Murray* v. *Insurance Co. of Penn.* 2 Wash. C. C. R. 186 ; *Warder* v. *Horton*, 4 Binney, 539 ; *Perkins* v. *New England Mar. Ins. Co.* 12 Mass. R. 214 ; *Newby* v. *Reed*, 1 W. Bl. 416 ; *Lee* v. *Massachusetts F. & M. Ins. Co.* 6 Mass. R. 208 ; *Potter* v. *Marine Ins. Co.* 2 Mason, 475 ; *New York Ins. Co.* v. *Thomas*, 3 Johns. Cas. 1 ; 1 Phillips on Ins. 74, 326, 505 ; 2 Phillips on Ins 224, 225, 420.

PUTNAM J. delivered the opinion of the Court. The defendants contend that the policy underwritten by them never attached, inasmuch as the vessel was fully covered by the prior policy, at the time when the policy which is now sued was made ; which prior policy continued in full force for one or two days, after the vessel sailed from Boston ; and that as the risk or adventure was to begin at Boston, and the plaintiffs were fully insured while the vessel was at Boston, and until noon of the 20th of October, 1832, the defendants could not be charged, on the ground that the risk commenced or the policy attached while the vessel was at sea. These views were very ingeniously enforced and illustrated by the counsel for the defendants. And it must be admitted, that if the vessel had been lost in Boston, or before noon of the 20th of October, 1832, the defendants would not have been liable upon the policy subscribed by them.

Contracts are to have such reasonable construction as will best carry into effect the intent of the parties, consistently with the rules of the law. No question is made in regard to the right of property which the plaintiffs had in the vessel. They were unquestionably the owners of her. The clause in relation to prior policies is not intended to prevent the owner from procuring subsequent policies upon the same vessel. It is not introduced for the purpose of rendering the subsequent policies

*Kent*
*v.*
*Manufactu-*
*rers' Ins.*
*Co.*

*March 16th*

*March 21st*

null and void.   On the contrary, it supposes, that they **may** be lawfully made ; and the clause regulates the extent of the liability which the underwriters upon the subsequent policies incur.   If, for example, the subsequent policy covers the same vessel, voyage and risks as were covered by the prior policy, the assured would not by the terms of the contract be entitled to recover any thing upon the subsequent policy.   Such was the case of *Seamans* v. *Loring*, 1 Mason, 127.   But if part of the voyage was protected by the prior policy, and the second policy should in terms embrace the whole voyage, the under writers upon the second policy would be liable for the loss sustained in that part of the voyage not covered by the first policy.   Thus, if the plaintiffs had procured a policy on the schooner from Charleston, S. C., to Florida, and afterwards had procured a policy at and from Boston to Charleston, S. C., and from thence to Florida, and from thence to New York, and the vessel had been lost on her passage from Charleston to Florida, the writers of the last policy would not be liable for that loss ; because it was assumed by the underwriters of the first policy.   But suppose the loss had happened on the passage from Florida to New York, the underwriters of the last policy would be liable, notwithstanding the assured had nothing at their risk in the passage from Charleston to Florida. And this result would arise from a fair construction of both policies.

It would not follow, therefore, because the assured were fully covered for a part of the voyage by one policy, that they might not be covered by another and subsequent policy for the residue, although the description of the risk in the subsequent policy embraced the whole voyage.   And we cannot think that it makes any difference, whether the part covered by the prior policy was at the beginning or the middle of the voyage.

The subject matter of the insurance was the vessel, then lying in Boston and bound upon the voyage described.   The prior policy covered the first part, expressing it in time.   For two days (say) the schooner was protected by the first policy ; for the rest of the voyage she was protected by the last.   This matter is to be apportioned in the words of the contract, viz. the defendants shall be chargeable only for so much as the

amount of the prior insurance may be deficient towards fully covering the property at risk.

But the defendants insist that they are not chargeable at all, because the prior policy covered the vessel at and from Boston, and as the adventure was to commence at and from Boston, the second policy never had any force or vitality; and that we should consider the case in the same light as if the plaintiffs had had no vessel there which was the subject of insurance. No other objection is made, excepting what grows out of this prior policy; and that paper is produced by the defendants as evidence, that the plaintiffs had no insurable interest to which the policy subscribed by them could attach.

Now we think that both policies should be taken together. The latter refers to the former, hypothetically, and prescribes the liabilities which should arise from each, in the event of there being a prior insurance. The case stands then as if the plaintiffs had desired to get insurance upon the whole voyage, including the risk at and from the port of Boston, where the vessel then was, and the defendants had undertaken to insure for the whole voyage, excepting only for the loss that might happen within two days then next to come, during which time the vessel was protected by the prior policy. The defendants, in effect, say, that notwithstanding the adventure is to commence at Boston, and to continue during the whole voyage, yet it is understood, that we do not begin to assume our liability until after the expiration of the prior policy.

Taking all the facts proved, it seems to be in vain to say there was no subject matter of insurance to which the defendants' policy applied, considering both policies together, as from the defendants' own showing we are bound to do. The assured obtained the protection they sought, for the whole voyage, according to the terms of the second policy; and the defendants can exonerate themselves only against the loss which should be proved to fall within the prior policy. The defendants agree to begin just at the moment when the prior policy shall end.

And it is of no consequence at what part of the voyage the risk was assumed by the one or the other policy, providing always that when one was inoperative the other was in force.

In the case above supposed, the prior policy would protect the vessel from Charleston to Florida. The last policy would be in force for all the rest of the voyage. It would revive at Florida, although it slept between Charleston and Florida. The agreement we think applies as well to time as to the amount for which the property was insured ; to the port of loading, as well as to the port of discharge ; to the first, as well as to the last part of the voyage. It was the clear understanding of the parties, that by the one or the other policy, the plaintiffs should be fully covered. The facts being ascertained by the jury, or otherwise, there is no difficulty in determining the liability of the underwriters upon the several policies.

This construction appears to all the members of the Court to be reasonable, and according to the intent of the parties, to be collected from the whole case submitted.

The judgment is therefore to be rendered for the plaintiffs, according to the verdict.